UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEANN TACKMAN,<br><br>Defendant. | Case No. 1:24-cr-00006-AKB-1<br><br>**DISCOVERY PROTECTIVE ORDER** |

The Government has filed a stipulated motion for a discovery protective order. Pursuant to the Court's authority under Rule 16(d) of the Federal Rules of Criminal Procedure, to expedite the discovery process, facilitate the prompt resolution of disputes over confidentiality, and adequately assure the protection and preservation of sensitive information found in the discovery materials, IT IS ORDERED as follows:

1. **Designation of material subject to this protective order.** This protective order applies to files identified in the discovery materials as TACKMAN_002579 through TACKMAN_002655. For purposes of this order, these materials will collectively be referred to as the "protected materials."

2. **Access to and use of the material subject to this protective order.** The Defendant, her counsel and counsel's agents and employees may use the "protected materials" only for the purpose of litigation. They may not disclose the "protected materials" to anyone not specifically entitled to access under this protective order. Defense Counsel may review the

"protected materials" with the Defendant if necessary to litigate this case but may not provide the Defendant with any of the "protected materials". Defense Counsel and counsel's agents and employees may only use the "protected materials" to defend this criminal case, including any appeal, and may disclose the "protected materials" to non-parties to this litigation, such as experts or outside investigators retained by the Defendant, as follows:

a. Such disclosure may occur only as needed for the litigation; and

b. Such disclosures may occur only after Defense Counsel advises the non-party of the terms of this order.

Defense Counsel may disclose the "protected materials" to post-conviction counsel in the event that the Defendant files a § 2255 petition. However, Defense Counsel agrees to advise post-conviction counsel of the terms of this order.

3. **Use of the "protected materials" in court filings and open court.** The procedures for use of the "protected materials" during any hearing or the trial of this matter will be determined by the parties and the Court in advance of a hearing or trial. The parties shall consider the following: requesting the court permit submission of such "protected materials" under seal, requesting that any exhibit be placed under seal, and assuring that all protected information is redacted in accordance with Federal Rule of Criminal Procedure 49.1 and other applicable laws.

5. **Maintenance and storage of the "protected materials."** Defense Counsel will maintain the "protected materials" in a secure and safe area, and will properly store, use, and disseminate the "protected materials" in accordance with this order. Non-party recipients of the "protected materials" pursuant to this order will follow the same procedures for storing, using, and disseminating the "protected materials."

6. **Disposition of the "protected materials."** Within 90 days of the completion of all litigation, being either by entry of final judgment (such as sentencing, appeal, or dismissal of the indictment) or completion of any petition for a writ of habeas corpus or petition for post-conviction relief, or within 90 days of the termination of Defense Counsel's representation, whichever comes later, Defense Counsel will destroy the "protected materials." Defense Counsel may maintain work product associated with the "protected materials" subject to the same protections as this order.

7. **Addition of Counsel After Entry of Order.** This order covers additional defense counsel in this case so long as they agree to be bound by the terms of this order and so consent by the execution of a supplemental stipulation, which shall be filed as a supplement to this order.

8. **Modification Permitted.** Nothing in this order shall prevent any party from seeking its modification. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking modification from the court.

9. **No Ruling on Discoverability or Admissibility.** This order does not prevent a party from objecting to discovery that it believes to be otherwise improper. Further, this order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

10. **Unauthorized Disclosure.** If the "protected materials" are disclosed in a manner not authorized by this order, then Defense Counsel shall make diligent efforts to obtain the return of the "protected materials" and to bind the recipient of the "protected materials" to the terms of

this order. Within 10 business days of learning of such disclosure, Defense Counsel will inform the Court and Government of the unauthorized disclosure and identify such recipient to the Court.

11. **Sanctions for Unauthorized Disclosure.** The parties will confer with each other before seeking relief from the Court for any alleged violations of this order. Neither party shall seek court-imposed sanctions without providing the other party with notice at least 3 business days in advance.

12. **Non-termination.** This order shall survive the termination of the criminal case and will continue in full force and effect thereafter until further court order.

IT IS SO ORDERED.

DATED: April 05, 2024

_____
Amanda K. Brailsford
U.S. District Court Judge